# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MICKEY VERSCHELL SHANKLIN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, ) <br> ) <br> Respondent. ) | No. 1:19-cv-01218-STA-jay |

## ORDER DISMISSING § 2241 PETITION,
## DENYING A CERTIFICATE OF APPEALABILITY,
## AND
## DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Mickey Verschell Shanklin has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Petition is before the Court for initial review.

Petitioner is currently in the custody of the State of Tennessee pursuant to a conviction from the Madison County Circuit Court. (ECF No. 1.) He presents three claims contesting the evidence submitted in his criminal trial, and one claim asserting the ineffective assistance of trial counsel. (*Id.* at 6-8.) Those claims are not properly brought pursuant to § 2241, but must, instead, be brought in a petition under 28 U.S.C. § 2254. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) ("The reality is that § 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment.") (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

Because Shanklin has a still-pending § 2254 case in this district, *see Shanklin v. State of Tennessee*, No. 1:19-cv-01221-STA-jay (W.D. Tenn.), he should present his claims in that proceeding. The Petition is therefore **DISMISSED**.

## APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA requirement is applicable in this case pursuant to 28 U.S.C. § 2253(c)(1)(A). *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001).

A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would

not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[1]

**IT IS SO ORDERED**.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

                                                Date: February 5, 2020.

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.